UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

───────────────────────────────────────────

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 14-234 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| JOSEPH KELLY PARSON | MAGISTRATE JUDGE HORNSBY |

───────────────────────────────────────────

### MEMORANDUM RULING

Before the Court is a motion to dismiss the indictment, filed by the Defendant, Joseph Kelly Parson ("Parson"). See Record Document 19. Parson was indicted by a federal Grand Jury for failing to register as a sex offender, in violation of Title 18, United States Code, Section 2250(a). The instant motion to dismiss centers around Parson's criminal history and whether he was required to register as a sex offender. It is Parson's position that his underlying Georgia conviction for two counts of statutory rape qualified as a misdemeanor that did not subject him to sex offender registration requirements. The Government opposes the motion to dismiss, arguing that Parson's Georgia conviction qualifies as a felony, thus mandating that Parson register as a sex offender. See Record Document 24. For the reasons that follow, Parson's motion is **DENIED**.[1]

### I.  Parson's Criminal Background.

On September 10, 2002, a Grand Jury in Liberty County, Georgia indicted Parson on two counts of statutory rape of a female under the age of sixteen who was not his spouse. Record Document 25, p. 2. The indictment classified both offenses as felonies

---

[1] Parson's request for oral argument is also hereby **DENIED**.

under Georgia Code § 16-6-3. Id. On March 5, 2004, Parson pleaded guilty to both counts and received the benefit of First Offender Treatment, which meant that no judgment of guilt was imposed at that time. Record Document 19-3, p. 3. The plea agreement specifically provided that Parson was pleading guilty to: "Count 1: Statutory Rape, a Felony" and "Count 2: Statutory Rape, a Felony." Record Document 19-3, p. 9. Proceedings were deferred while Parson served a four year probation sentence under the condition "that upon violation of the terms of probation . . ., the Court may enter an adjudication of guilt and proceed to sentence the Defendant to the maximum sentence provided by law." Id. at p. 3. If Parson had abided by the terms and conditions of his First Offender Treatment and satisfactorily completed his sentence of probation, he would "stand discharged of said offense charged and . . . be completely exonerated of guilt of said offense charged." Id. Under the First Offender Treatment, Parson was deemed exempt from the sex offender program. See id. at p. 4.

Unfortunately, Parson repeatedly violated the terms of his probation, including failing to report and absconding. Accordingly, in 2007, Parson was adjudged guilty of the statutory rape violations and sentenced to serve four years on each count, to run concurrently. Record Document 25, p. 4. The "Final Disposition" document clearly reflects that these violations were considered felonies and that Parson received a felony sentence. Id. at p. 5 Ultimately, the court ordered Parson to serve 300-360 days in detention. Id. at p. 6 However, on the Final Disposition form, the box stating that Parson "shall be supervised under the Special Conditions, rules and regulations of the Sex Offender

Supervision Program" was left unchecked. Id. The parties agree that upon Parson's release from detention in Georgia, he signed documentation notifying him that he was required to register as a sex offender; however, the defense avers this was signed in error.

In 2011, after being released from detention in Georgia, Parson was charged in the First Judicial District Court, Caddo Parish, Louisiana of being a felon in possession of a firearm. Specifically, he was charged with unlawfully possessing a firearm or carrying a concealed weapon "after having been previously convicted of Statutory Rape on May 5, 2004 in Liberty County . . . ." Record Document 25, p. 9. On June 21, 2012, Parson pleaded guilty to attempted possession of a firearm by a convicted felon and was sentenced accordingly. Id. at p. 12. Subsequently, he was extradited to Texas where he had been charged with two counts of failure to register as a sex offender, with the reportable conviction being the Georgia statutory rape. Id. at pp. 13, 16. In 2013, Parson pleaded guilty to both counts. Id. at 14-15, 17-18. In December of 2014, Parson was indicted by a federal Grand Jury in the Western District of Louisiana on the instant charge of failing to register as a sex offender. Record Document 1. This motion to dismiss followed.

II.  **Law and Analysis.**

At the outset, the Court notes that in reviewing a motion to dismiss the indictment, when the issue presented is a legal question, a district court may look beyond the face of the indictment and rule on the merits of the charged offense in advance of trial. See United States v. Flores, 404 F.3d 320, 324 (5th Cir. 2005). In the instant case, Parson

submits that he was not required to register as a sex offender because his statutory rape conviction was considered a misdemeanor, based on his age at the time of the offense, the age of the victim, and the differential between the two.[2]  Parson argues that had he been convicted of a felony, the court would have been required to sentence him to a mandatory minimum term of one year in prison.  Because he did not receive this sentence, but rather received First Offender Treatment and then later 300-360 days in detention, he asserts that his conviction must have been for a misdemeanor; otherwise, the one year sentence would have been imposed.  This argument is untenable and is belied by the Georgia court documentation that plainly states the statutory rape counts were deemed felonies. Indeed, felony language is found in the indictment itself, the plea agreement, and the Final Disposition.  Further, the "Order Of Adjudication of Guilt and Imposition Of Sentence" confirms that Parson was "adjudged guilty of said offense for which he/she received First Offender probation . . . ."  Record Document 25, p. 4.  That offense was felony statutory rape.  That the sex offender box was left unchecked on the documentation does not convince the Court that Parson was not convicted of a felony, nor does it convince the Court that he was not required to register as a sex offender.

      The Court's conclusion that Parson was required to register as a sex offender is further bolstered by a review of SORNA, the Sex Offender Registration and Notification Act. SORNA provides a criminal penalty for any sex offender who travels in interstate commerce

---

[2] In 2002, the statute provided that if the victim was fourteen or fifteen years of age and the offender was no more than three years older, then the offense was deemed a misdemeanor.

and fails to register or update his registration. Specifically, Title 18, United States Code, Section 2250 provides that a sex offender who travels in interstate or foreign commerce and knowingly fails to register or update his registration shall be imprisoned not more than ten years. This is the offense charged in Parson's indictment. The elements of the SORNA statute must be satisfied sequentially: an offender must (1) be required by SORNA to register; then (2) travel in interstate commerce; and then (3) knowingly fail to register or update a registration. See United States v. Byrd, 419 F. App'x 485, 488 (5th Cir. 2011).

Parson contends that he was excepted from SORNA's reach by 42 U.S.C. § 16911(5)(C), which provides that an offense involving consensual sexual conduct is not a sex offense "if the victim was at least 13 years old and the offender was not more than 4 years older than the victim." In United States v. Gonzalez-Medina, 757 F.3d 425, 429-31 (5th Cir. 2014), the Fifth Circuit instructed lower courts not to apply the categorical approach when examining the age differential for § 16911(5)(C). In other words, when determining the difference in ages between the victim and the offender, this Court is encouraged to look to the specific circumstances of the crime and the facts underlying the conviction. Id. In Gonzalez-Medina, the Fifth Circuit found that employment of the categorical approach, which would limit the district courts to a comparison of the underlying conviction's statute to SORNA's definition of a sex offense, and which would not allow the courts to look at the actual facts of the conviction, was inconsistent with the language of § 16911(5)(C) and with SORNA's broad purpose. Id. Accordingly, this Court

will examine the facts underlying Parson's statutory rape conviction to pinpoint the age differential and determine whether § 16911(5)(C) applies.

Relying on the sentence he received, which he believes is commensurate with a misdemeanor offense, Parson claims that his statutory rape victim must have been at least fifteen years old, while he was eighteen years old. In other words, Parson argues that if the victim had been younger than fifteen, or if there were more than a three year difference in their respective ages, he could not have received a misdemeanor punishment. This argument is belied by the records. The Liberty County Sheriff's Office Incident Report states that the victim was twelve years old. Record Document 25, p. 19. This evidence is supported by the affidavit of Denise Hodges, Chief Probation Officer for the Atlantic Judicial Circuit in Georgia, who supervised Parson pursuant to his statutory rape conviction. Officer Hodges attests that on the offense date, Parson was eighteen years old, while the victim was only twelve years old. Parson has not refuted or contradicted this evidence, aside from noting that there is no further substantiation of the victim's age. The Court will not dismiss the indictment on this basis.

Finally, the Court would be remiss if it did not address Parson's own admissions to his felony statutory rape conviction. That is, he has pleaded guilty to three subsequent felony offenses, all of which were based in some way on his statutory rape conviction. In Louisiana State Court, he admitted to being a felon who attempted to possess a firearm. The underlying felony conviction was the statutory rape conviction in Georgia. In Texas, he twice admitted to failing to register as a sex offender. The only reason he would have

had to register as a sex offender was because of his Georgia statutory rape conviction. Thus, prior to now, Parson has at least three times admitted under oath that his statutory rape conviction was a felony offense. Parson has failed to provide the Court with any explanation for why these admissions are not legally significant and relevant to the instant question before the Court. To the contrary, he has wholly ignored these admissions that substantially undercut his motion to dismiss the indictment.

### III. Conclusion.

After careful consideration of the briefs and evidence submitted by the parties,

**IT IS ORDERED** that Parson's motion to dismiss the indictment [Record Document 19] be and is hereby **DENIED**.

THUS DONE AND SIGNED in Shreveport, Louisiana this 17th day of March, 2015.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE